(No. 2045—

FRANK E. HERDMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

HEINEMAN, RONAN & LANGSETT, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The claimant, Frank E. Herdman, who was awarded the contract for the construction of the Fox River Bridge on S. B. I. Route 173, Section 134-B, in Lake County, filed his declaration in this court on the 9th day of January, A. D. 1933, seeking to recover the sum of Seventy-six Hundred Thirty-eight Dollars and Seventy-three Cents ($7,638.73) as damages which he claims he sustained as the result of delay occasioned by necessary changes made by the respondent in the original plans and specifications for the construction of such bridge.

The original contract between the claimant and the respondent was executed June 10th, 1931, and provided for the construction of three bridges, known respectively as the Fox River Bridge, the Midway Bridge, and the Channel Bridge, all on S. B. I. Route No. 173 in Lake County.

The contract called for completion of the work by October 15th, 1931. Claimant commenced work on the Midway Bridge on June 20th, 1931, and on the Channel Bridge on June 26th, 1931, and arranged and coordinated the work and the distribution and placement of materials, labor and machinery on all bridges to expedite the work and reduce the cost of construction. Claimant also furnished the District Engineer of the Division of Highways, Department of Public Works and Buildings, with a progress chart setting forth the methods by which and the times when the construction of the substructure and super-structure of the three bridges would be made.

Work on the Fox River Bridge was commenced on July 15th, 1931, and it was then ascertained by the respondent that it would be necessary to change the plans and specifications so as to provide for a four-span bridge instead of a three-span bridge at that point. On July 16th, 1931, claimant was instructed by the District Engineer at Elgin, Illinois to dis-

continue work on said bridge, and to hold up the shipment of materials for the reason that it would be necessary to revise the plans and secure approval thereof by the United States War Department, the Fox River being a navigable stream. Approval of the War Department was thereafter secured, and work was resumed on September 9th, 1931. The work on the other two bridges was completed within the time required, and the work on the Fox River Bridge was completed December 22nd, 1931.

On account of the aforementioned revision of plans, and the delay resulting therefrom, the claimant was required to maintain his equipment and administrative and operative personnel on the work longer than would otherwise have been necessary.

After the filing of the declaration herein, the matter was referred to the Chief Highway Engineer for an investigation and report. Under his direction the claim of the claimant, together with his cancelled checks and receipted bills, were checked and audited, and thereafter it was stipulated and agreed by and between the claimant and the representative of the Division of Highways that the claimant is entitled to recover the following items of damages on account of delay caused by the action of the respondent and without any fault on the part of the claimant, to-wit:

| | |
|---|---|
| Equipment rental | $2,130.71 |
| Salaries and overhead | 2,319.71 |
| Compensation insurance | 126.85 |
| Camp and storage expense | 244.15 |
| Total | $4,821.42 |

Thereafter, to-wit, on April 14th, 1933, the claimant filed an amended declaration setting up the items of damages sustained by him as above set forth. On April 28th, 1933, a stipulation was entered into between the claimant and the respondent by Ernest Leiberman, Highway Engineer of the Division of Highways of the State of Illinois which stipulation was filed in this court on the last mentioned date, and which provided in effect that the amount of damages reasonably sustained by the claimant as the result of the delay complained of, was Forty-eight Hundred Twenty-one Dollars and Forty-two Cents ($4,821.42).

260

The liability of the State to respond in damages in cases of this character, where delay has been caused by the action of the State, and without any fault on the part of the contractor, has been recognized in numerous cases in this court, as well as in the Federal Court of Claims. *Hoier* vs. *State*, 6 C. C. R. 130; *Henkel Construction Co.* vs. *State*, 6 C. C. R. 222; *Carson Co.* vs. *State*, 6 C. C. R. 520; *Kellogg Bridge Co.* vs. *United States*, 46 U. S. C. C. 139. There is no dispute as to the facts and no question but what the delay in question was caused by the action of the respondent and without any fault on the part of the claimant; it has been stipulated that the damages reasonably sustained amount to the sum of Forty-eight Hundred Twenty-one Dollars and Forty-two Cents ($4,821.42), and the Attorney General has recommended that an award in that amount be allowed.

IT IS THEREFORE ORDERED, That the claimant be awarded the sum of Forty-eight Hundred Twenty-one Dollars and Forty-two Cents ($4,821.42) in full of all damages sustained by him.